UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **In the Matter of the Search of:** ) | |
| ) | **Case No:** 2:24-mj-86 |
| **Information, including location data,** ) | |
| **associated with the Instagram username** ) | **Magistrate Judge:** Vascura |
| **"sirblck13" that is currently stored at the** ) | |
| **premises controlled by Meta Platforms, Inc.** ) | **FILED UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Peyton Ross, being first duly sworn, hereby depose and state as follows:

### EDUCATION, TRAINING, AND EXPERIENCE

1. I am a Deputy with the United States Marshals Service (USMS) and have been since August 2021. I am currently assigned as a Deputy US Marshal to the Southern Ohio Fugitive Apprehension Strike Team (SOFAST), located in the Southern District of Ohio. I have completed over 500 hours of instruction at the United States Marshals Service National Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). During my employment with the USMS, I have been trained and received specific training on fugitive apprehension. While preforming my duties as a Deputy U.S. Marshal, I have been involved in many fugitive investigations involving other federal, state, and local law enforcement agencies. Additionally, I personally have been assigned as the Lead Deputy on numerous fugitive investigations that have resulted in the apprehension of a wanted person(s). Through my training, education, and experience, I have become familiar with the manner in which fugitives utilize cellular telephones to aid in eluding capture.

2. As a Deputy Marshal with USMS, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

## PURPOSE OF THE AFFIDAIVT

3. I make this affidavit in support of an application for a search warrant for information associated with the following Instagram username "sirblck13" (the **SUBJECT ACCOUNT**) that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a social-networking company headquartered in Menlo Park, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Instagram via Meta Platforms, Inc. to disclose to the government records and other information in its possession, including the contents of communications, pertaining to the subscriber or customer associated with the **SUBJECT ACCOUNT**.

4. The **SUBJECT ACCOUNT** to be searched is more particularly described in Attachment A, for the items specified in Attachment B, which items constitute instrumentalities, fruits, and evidence of violations of 18 U.S.C. §3184 – fugitive from a foreign country to the United States. I am requesting authority to search the **SUBJECT ACCOUNT**, wherein the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crime. There is also probable cause to believe that the location information described in Attachment B for the **SUBJECT ACCOUNT** will assist law enforcement in apprehending a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and information published by

Meta. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. § 2703(c)(1)(A). Specifically, the Court is United States District Court for the Southern District of Ohio which is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND CONCERNING INSTAGRAM VIA META PLATFORMS, INC.[1]

7. From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

8. Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com. Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information. Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

9. Instagram permits users to post photos to their profiles on Instagram and

---

[1] The information in this section is based on my training and experience, and on information published by Meta on its Meta Platforms, INC. website, including, but not limited to, the following webpages: https://www.Meta Platforms, INC..com/privacy/policy ("Privacy Policy"); https://www.Meta Platforms, INC..com/about/basics/manage-your-privacy/location ("Location"); https://www.Meta Platforms, INC..com/help/278928889350358 ("How Location Settings Work"); and https://www.Meta Platforms, INC..com/help ("Help Center").

3

otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter. When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

10. Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

11. Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

12. Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

13. Instagram also allows users to "follow" another user, which means that they

4

receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block them, which prevents the blocked user from following that user.

14. Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

15. Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

16. Users on Instagram may also search Instagram for other users or particular types of photos or other content.

17. For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP) address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

18. Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram. For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

19. Instagram also collects and maintains information on the particular devices used to access Instagram. In particular, Instagram may record "device identifiers," which includes

5

data files and other information that may identify the particular electronic device that was used to access Instagram.

20. Instagram also collects other data associated with user content. For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

21. Instagram also may communicate with the user, by email or otherwise. Instagram collects and maintains copies of communications between Instagram and the user.

22. As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time. Further, Instagram account activity can show how and when the account was accessed or used. For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under

investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

23. Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the **SUBJECT ACCOUNT**, including location data and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## INVESTIGATION AND PROBABLE CAUSE

24. In this matter, I am assisting in representing the United States in fulfilling its treaty obligations to Germany. There is an extradition treaty in force between the United States and Germany (the "Treaty").[2]

---

[2] Treaty between the Government of the United States of America and the Federal Republic of Germany Concerning Extradition, U.S.-F.R.G., June 20,1978, T.I.A.S. No. 9785 (the "1978 Treaty"), *as*

25. Pursuant to the Treaty, the Government of Germany has submitted a formal request through diplomatic channels for the extradition of Jerome Norell Dee **CRAIG** ("**CRAIG**").

26. Stacy Hauf, an Assistant Legal Adviser in the Office of the Legal Adviser of the United States Department of State, has provided the United States Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the Treaty, stating that the Treaty covers the offenses for which Germany seeks extradition, and confirming that the documents supporting the request for extradition bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of Germany, in accordance with Article 29 of the 1978 Treaty, as amended by Article 6 of the 2006 Second Supplementary Treaty, so as to enable them to be received into evidence.

27. According to the information provided by the Government of Germany, **CRAIG** has committed (1) two counts of aggravated rape in conjunction with dangerous bodily harm in violation of section 177(1), (2), (5), (6), and (7), and section 223(1) and 224(1) of the German Criminal Code ("GCC"); (2) coercion in violation of section 240(1) and (2) of the GCC; and (3) possession of child pornography in violation of section 184(b)(1) and (3) of the GCC.

28. **CRAIG** committed the acts of which he is accused in Germany. On July 18,

---

*supplemented by* the Supplementary Extradition Treaty with the Federal Republic of Germany, U.S.-F.R.G., Oct. 21, 1986, S. TREATY DOC. NO. 100-6 (1987) (the "1986 Supplementary Treaty"), *and* the Second Supplementary Treaty to the Treaty between The United States of America and the Federal Republic of Germany Concerning Extradition, U.S.-F.R.G., Apr. 18, 2006, S. TREATY DOC. NO. 109-14 (2006) (the "2006 Second Supplementary Treaty"; collectively, the "Treaty").

8

2019, Judge Zwölfer-Martin at the Tiergarten Local Court in Berlin issued a warrant for **CRAIG**'s arrest citing the offenses listed above.[3] The warrant remains valid and enforceable.

29. On August 1, 2019, less than two weeks after the court approved **CRAIG**'s arrest warrant, **CRAIG** is believed to have arrived in the United States. Arrest records from Franklin County, Ohio show that **CRAIG** was arrested and charged with Felony Class 4 of receiving stolen property on January 19, 2020, though it appears that **CRAIG**'s case was dismissed based on prosecutorial discretion. *Ohio v. CRAIG*, Case No. 2020 CR A 001155 (2020). The arrest record depicts the same name, date of birth, and likeness as that provided by German authorities. Based on preliminary location searches of databases available to U.S. Marshals, **CRAIG** is believed to be residing in Columbus, Ohio, within the jurisdiction of this Court.

30. In addition, your affiant viewed the LinkedIn profile of **CRAIG** which indicated he worked at Honest Jobs, Inc. located at the address of 2121 Bethel Road, Suite C, in Columbus Ohio as a Junior Software Engineer.

31. On or about February 2, 2024, Magistrate Judge Elizabeth A. Preston Deavers approved a federal criminal complaint and arrest warrant for **CRAIG** in case number 2:24-MJ-58 which established probable cause that **CRAIG** committed violations of federal law, specifically violations of 18 U.S.C. §3184 - fugitive from a foreign country to the United States.

32. In further ascertaining the whereabouts of **CRAIG,** open-source searches via social media platforms were conducted. During the course of the investigation, your affiant observed an Instagram account with the username "sirblck13" (the **SUBJECT ACCOUNT**).

---

[3] The German arrest warrant also included alleged offenses related to **CRAIG**'s possession of a pistol, knife, and at least one steel rod, recovered during the execution of a search warrant on **CRAIG**'s residence. Those offenses are not forwarded to the court for its consideration.

9

The **SUBJECT ACCOUNT** had a display name of "Jay." The photograph of the account also depicted a male who appeared to be **CRAIG**. **CRAIG** is known to have several social media accounts under the name "Jay Caesar" or "Jay" with pictures of himself as well which also match the image depicted in the **SUBJECT ACCOUNT**. Based on my training and experience, affiant believes this Instagram account, owned by Meta Platforms, Inc. is being operated by Jerome Norell Dee **CRAIG**.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

33. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(l)(A) and 2703(c)(1)(A), by using the warrant to require Instagram, Met Platforms, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment.

## CONCLUSION

34. Based on the forgoing factual information, your affiant submits there is probable cause to believe that violations of 18 U.S.C. §3184 – fugitive from a foreign country to the United States, and evidence of those violations is located in the content of the **SUBJECT ACCOUNT**. Your affiant respectfully requests that the Court issue a search warrant authorizing the search of the **SUBJECT ACCOUNT** described in Attachment A, and the seizure of the items described in Attachment B.

35. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Furthermore, because the warrant will be

served on Instagram, via Meta Platforms, Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Peyton Ross
Deputy US Marshal
United States Marshals Service

Subscribed and sworn to before me on ____February 15____, 2024

Honorable Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE

11